**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

AMANDA B.,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security Administration,

Defendant.

Case No. 5:25-cv-00320-PD

**MEMORANDUM OPINION AND ORDER REVERSING AGENCY DECISION**

Plaintiff challenges the denial of her application for a period of Disability and Disability Insurance Benefits.[1] For the reasons stated below, the decision of the Administrative Law Judge is reversed, and the Court remands this matter on an open record for further proceedings.

[1] Plaintiff's name is partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the United States Judicial Conference Committee on Court Administration and Case Management. Pursuant to Fed. R. Civ. P. 25(d), Frank Bisgnano, the current Commissioner of Social Security, is substituted in as the Defendant.

## I. Pertinent Procedural History and Disputed Issue

On May 19, 2022, Plaintiff protectively filed an application for a period of Disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), alleging disability beginning May 3, 2018. Administrative Record ("AR") 17, 201-02.[2] Plaintiff's application was denied at the initial and reconsideration levels, and Plaintiff timely filed a request for hearing on August 7, 2023. AR 17, 71-94, 95-111. On December 21, 2023, a hearing was held before an Administrative Law Judge ("ALJ"). AR 39-70. On February 23, 2024, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled. AR 17-34. Plaintiff filed a request for review of the ALJ's decision with the Appeals Council, and they denied it rendering the ALJ's decision the final decision of the Commissioner. AR 1-6.

The ALJ followed the five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *superseded on other grounds by regulation as stated by Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022); 20 C.F.R. § 416.920(a). At step one, the ALJ found that Plaintiff met the insured status requirements of the SSA on December 31, 2023, and had not engaged in substantial gainful activity during the period from her alleged onset date of May 3, 2018, through her date last insured of December 31, 2023. AR 19 ¶¶ 1, 2. At step two, the ALJ found that Plaintiff had the following severe impairments: "breast cancer status post mastectomy; major depressive disorder; unspecified anxiety disorder; post-traumatic stress

---

[2] The Administrative Record is CM/ECF Docket Numbers 15-1 through 15-26. Plaintiff's Opening Brief is at Docket Number 16 and the Commissioner's Brief is at Docket Number 18. Plaintiff did not file an optional Reply Brief.

disorder (PTSD); Arnold-Chiari type 1[3]; pain disorder; and sequela of motor vehicle accident (20 CFR 404.1520(c))." AR 19 ¶ 3. The ALJ found that these impairments significantly limit Plaintiff's ability to perform basic work activities. AR 20.

At step three, the ALJ found that Plaintiff through the date last insured, did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). AR 20 ¶ 4.

Before proceeding to step four, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work with the following limitations:

> can stand and/or walk up to 4 hours in an 8-hour workday; and can occasionally stoop, kneel, crouch, crawl and climb ramps and stairs. The person cannot climb ladders, ropes or scaffolds, work at unprotected heights, or around dangerous moving machinery. She can understand, remember and carry out simple instructions, can make simple work-related decisions involving little independent judgment; and can occasionally interact with supervisors, co-workers and the public.

AR 23 ¶ 5.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 32 ¶ 6. At step five, the ALJ made findings of Plaintiff's vocational profile. The ALJ noted that Plaintiff was born in April 1980, and was 43 years old, which is defined as a younger individual, and that

---

[3] According to the Mayo Clinic, a Chiari malformation is a condition in which tissue from the lower part of the brain, called the cerebellum, goes into the spinal canal. It happens when the skull is shaped in a way that is not typical or when the skull is smaller than usual. Because of that, the skull presses on the brain and forces brain tissue down into the spinal canal. See https://www.mayoclinic.org/diseases-conditions/chiari-malformation

Plaintiff has at least a high school education. The ALJ treated the question of transferability of work skills as immaterial. AR 32 ¶¶ 7-9. Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs which exist in significant numbers in the national economy that Plaintiff could have performed. AR 32 ¶ 10. Relying on the testimony of the vocational expert, the ALJ concluded that Plaintiff could have worked as an assembler of plastic hospital products, assembler of small products, and assembler of electrical accessories. AR 33. Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined by the SSA from May 3, 2018, the alleged onset date, through December 31, 2023, the date last insured. AR 34 ¶ 11.

Plaintiff's sole claim is that the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's testimony about her symptoms and physical limitations. Dkt. No. 16.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the agency's decision to deny benefits. A court will vacate the agency's decision "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020) (citations omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 587 U.S.97, 103 (2019) (same).

It is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). Where this evidence is "susceptible to more than one rational interpretation" the ALJ's reasonable evaluation of the proof should be upheld.

*Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Tran v. Saul*, 804 F. App'x 676, 678 (9th Cir. 2020).[4]

Error in Social Security determinations is subject to harmless error analysis. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). Error is harmless if "it is inconsequential to the ultimate nondisability determination" or, despite the legal error, "the agency's path is reasonably discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

## III. Discussion

### A. The ALJ Erred in Evaluating Plaintiff's Subjective Symptom Testimony

Plaintiff argues that the ALJ failed to provide specific, clear, and convincing reasons to discount her subjective symptom testimony of pain. Dkt. No. 16. The Commissioner disagrees, arguing that substantial evidence supports the ALJ's finding that Plaintiff's testimony was not entirely reliable. Dkt. No. 18.

#### 1. Legal Standard

In the absence of proof of malingering, an ALJ may reject a litigant's believability by identifying "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). This requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler*, 775 F.3d at 1102); *Brown-Hunter v. Colvin*, 806 F.3d

---

[4] Although statements in unpublished Ninth Circuit opinions "may prove useful [] as examples of the applications of settled legal principles," the Ninth Circuit has cautioned lower courts not to rely heavily on such memorandum dispositions particularly as to issues of law. *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) ("a nonprecedential disposition is not appropriately used ... as the pivotal basis for a legal ruling by a district court").

487, 493 (9th Cir. 2015); *see also Smartt v. Kijakazi,* 53 F. 4th 489, 499 (9th Cir. 2022) ("Ultimately, the 'clear and convincing' standard requires an ALJ to show [their] work[.]"). Thus, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony. *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024). (emphasis in original).

An ALJ may consider a claimant's conservative treatment when evaluating credibility, particularly when the claimant "responded favorably" to minimal treatment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Burkett v. Berryhill*, 732 F. App'x 547, 552 (9th Cir. 2018) (same). Proof of "conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Mojarro v. Berryhill*, 746 F. App'x 672 (9th Cir. 2018) (same). An ALJ may also rely on an "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," and the claimant's daily activities. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Loader v. Berryhill*, 722 F. App'x 653, 655 (9th Cir. 2018) (same).

An ALJ may consider a variety of factors in analyzing the believability of a claimant's symptom testimony, including "ordinary techniques of credibility evaluation." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Evans v. Berryhill*, 759 F. App'x 606, 608 (9th Cir. 2019) (same).

An ALJ can consider whether there is a lack of objective medical evidence supporting a claimant's allegations. However, this factor "cannot form the sole basis" for discounting subjective symptom testimony. *Burch*, 400 F.3d at 681; *Davis v. Berryhill*, 736 F. App'x 662, 665 (9th Cir. 2018).

A court must "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which

[s]he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Courts, therefore, may not speculate as to the basis for unexplained conclusions but, rather, must only consider the reasoning actually given by the ALJ. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

Even if an ALJ impermissibly relies "on one of several reasons in support of an adverse credibility determination," the error is harmless if "the ALJ's remaining reasoning and *ultimate credibility determination* were adequately supported by substantial evidence in the record." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (citation omitted).

### 2. Plaintiff's Subjective Symptom Testimony

#### a) Plaintiff's Testimony

At the hearing, Plaintiff testified as follows: Plaintiff previously worked in a commissary kitchen for 10 different craft cocktail bars. AR 44-45. At that job she had to lift or carry up to 75 pounds. AR 45. Plaintiff also worked as a kennel attendant and a prep cook. AR 46-48. Plaintiff can walk for approximately 15 minutes before needing to rest. AR 50. She needs to switch positions between standing and sitting every one to two hours because of her chronic pain. AR 50. Plaintiff can carry up to 10 pounds per her doctors' orders. AR 50.

Plaintiff had a mastectomy last year[5] and her cancer came back. AR 51. She had reconstructive surgery in August 2023 and finished radiation treatment in approximately November 2023. AR 51. Plaintiff used a walker for two months after her surgery. AR 49. Plaintiff experienced severe fatigue due to the radiation treatment and burns on her breast and armpit. AR 51.

Plaintiff was in a car crash and broke five lumbar vertebrae and three vertebrae in her neck. AR 52. She has severe chronic and constant pain. AR

---

[5] The hearing was held on December 21, 2023; it appears Plaintiff is referring to 2022.

52. Plaintiff also has degenerative spine and neck disease. AR 52-53. Plaintiff has also suffered traumatic brain injuries and brain bleed. AR 53. She had a seizure directly related to her brain bleed in April 2020. AR 53. Plaintiff's neurologist diagnosed it as a post traumatic seizure because her tests came back normal. AR 53. She is on medication and has not had a seizure since April 2020. AR 53. Plaintiff is in chronic pain all the time and it is hard for her to sleep and she constantly wakes up. AR 53. Plaintiff has suffered severe mental health problems. AR 53. Plaintiff has a Chiari malformation and has damaged her vertebral artery. AR 53. Plaintiff cannot concentrate, is irritable all the time, has lots of headaches, has difficultly focusing, and has chronic pain that does not go away. AR 53. Plaintiff's average pain level is between five to eight on a scale out of 10. AR 53. Plaintiff's days are typically spent in bed or sitting in a comfortable position. AR 54. She stays in bed between 30 to 50% of the day. AR 54. Plaintiff is unable to get out of bed due to pain and her depression for a couple of days a week. AR 54-55. Plaintiff's medications are helping somewhat with her mental health. AR 55. Plaintiff takes two naps every day. AR 56. Plaintiff has difficulty concentrating and is unable to envision any work that she would be able to do because of her functional limitations. AR 56-57, 59.

**b) Adult Function Report**

In an Adult Function Report, Plaintiff stated that she has chronic pain, difficulty concentrating and retaining information, memory issues, seizure risk, anxiety and depression. AR 229. Plaintiff reported that she is able to engage in self-care adequately. AR 230. Plaintiff stated she is able to make her own meals and perform light household chores for a total of about five hours a week. AR 231. The chores are broken up daily. AR 231. Plaintiff reported that she is able to shop in stores and on computer, count change and handle a checking and savings account. AR 232. Plaintiff stated that she is

able to socialize in person, and by e-mail, text, mail, and video chat. AR 233. Plaintiff stated that she could lift 10 pounds. AR 234. Plaintiff reported that her chronic pain limited her ability to squat, bend, stand, sit, kneel, or climb stairs frequently. AR 234. Plaintiff reported that she had problems with memory, understanding, completing tasks, and following instructions. AR 234. Plaintiff also reported problems with handling stress and changes in routine. AR 235.

### 3. Analysis

Plaintiff contends that the ALJ failed to provide specific, clear, and convincing reasons for discounting her subjective complaints, with respect to her pain and physical limitations. Dkt. No. 16. "A claimant's subjective symptoms, if credited, are relevant to the determination of a claimant's [RFC].... The RFC is used at step four to determine if a claimant can do past relevant work and at step five to determine if a claimant can adjust to other work." *Ferguson*, 95 F.4th at 1198 (internal citations omitted). "To determine whether a claimant's subjective symptom testimony is credible, the ALJ must engage in a two-step analysis: 'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.' " *Id.* at 1199 (citing *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)). If step one is satisfied, the ALJ can only reject the plaintiff's testimony for "clear and convincing reasons," which ultimately requires the ALJ to "show [their] work." *Id.* (citations and internal quotation marks omitted).

At step two of the subjective symptom testimony analysis, an ALJ must identify which testimony is not credible and specifically link that testimony to evidence in the record that undercuts the credibility of the testimony. *See Brown-Hunter*, 806 F.3d at 494; *accord Ferguson*, 95 F.4th at 1200-01. The

ALJ may not simply make the conclusory statement that Plaintiff's testimony is not credible because it is inconsistent with the record and then proceed with an RFC analysis. *Brown-Hunter*, 806 F.3d at 493-94. This is because the obligation to provide clear and convincing "reasons" for discounting a plaintiff's testimony is separate and distinct from any obligation to summarize medical record evidence that supports an RFC determination. *Id.*

Here, the ALJ found that Plaintiff had severe impairments including breast cancer, status post mastectomy, major depressive disorder, unspecified anxiety disorder, PTSD, Arnold-Chiari type 1, pain disorder; and sequela of motor vehicle accident. AR 19 ¶ 3. The ALJ further found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but also found that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and the other evidence in the record. AR 24.

In this case, the ALJ did not find that Plaintiff had engaged in any degree of malingering and therefore was obliged to provide at least one "specific, clear, and convincing" reason supported by substantial evidence for discounting Plaintiff's testimony concerning the intensity, persistence and limiting effects of her symptoms. *Trevizo,* 871 F.3d at 678. Plaintiff asserts that the ALJ's sole reason for discounting her subjective testimony based on a purported lack of objective medical evidence is not supported by the record. Dkt. No. 16. The Commissioner argues that the ALJ discounted Plaintiff's subjective symptom testimony based on the objective medical evidence, inconsistency with effective treatment, and the prior administrative medical findings ("PAMF"). Dkt. No. 18.[6] The Court considers each in turn.

---

[6] Because the ALJ did not explicitly reference Plaintiff's activities as a reason for discounting her symptom allegations, the Court does not consider such activities in reviewing the ALJ's symptom evaluation. *See Revels v. Berryhill*, 874 F.3d 648, 654

**a) Objective Medical Evidence**

At the hearing, Plaintiff testified that she is unable to engage in work activities due to chronic pain in her back and neck, difficulties standing and walking, severe fatigue, problems concentrating, and depressed mood. AR 50-59. First, the ALJ summarized Plaintiff's statements and concluded that her statements were not consistent with the objective medical evidence and other evidence of record. AR 24-25. The ALJ then summarized the medical findings of record. AR 25-26. The ALJ noted that Plaintiff had moderate findings regarding breast cancer status post mastectomy. AR 25 (citing AR 1397, 1808). The ALJ referenced findings from Plaintiff's physical exam on April 3, 2023, that were "grossly normal except she had 4/5 motor strength in her upper extremity (with her left upper extremity weaker than her right upper extremity) and 5/5 motor strength in her lower extremities bilaterally" and a "slow and antalgic gait, exhibited 2/2 pain." AR 25 (citing AR 1808). The ALJ also noted Plaintiff was diagnosed with recurrent cancer in June 2023. AR 25.

The ALJ also discussed Plaintiff's impairment, Arnold-Chiari type 1, and noted Plaintiff's mild findings. AR 26 (citing AR 684). While Plaintiff testified that her Chiari malformation I causes problems with headaches, focus, and memory retention, the ALJ explained that the CT of her head in April 2020 found a Chiari I malformation but there was insufficient evidence that this condition was symptomatic in her record of evidence. AR 26 (citing AR 685). The ALJ then discussed sequela from Plaintiff's motor vehicle accident and pain disorder and noted moderate findings. AR 26.

---

(9th Cir. 2017) (citing *Garrison*, 759 F.3d at 1010 (the Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

The ALJ did not identify which specific statements of Plaintiff he found not credible or inconsistent. While the ALJ summarized Plaintiff's subjective symptom testimony, the ALJ did not identify which statements were or were not credible and did not set forth any reasons why any of the cited medical evidence contradicts any of those statements. AR 24-26.

Under Ninth Circuit precedent, this summary was insufficient to discount Plaintiff's testimony. *See Ferguson*, 95 F.4th at 1200 (finding error where the ALJ failed to specify which of Ferguson's many symptoms were, in the ALJ's view, inconsistent with the record evidence); *Brown-Hunter*, 806 F.3d at 494 (holding that an ALJ's analysis was insufficient where "[the ALJ] simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination."); *Burrell,* 775 F.3d at 1137 (same where the ALJ's decision made a general statement discounting the claimant's credibility and then "drift[ed] into a discussion of the medical evidence" with "no *reasons* for the credibility determination") (emphasis in original); *Treichler*, 775 F.3d at 1103 ("An ALJ's 'vague allegation' that a claimant's testimony is 'not consistent with the objective medical evidence,' without any 'specific findings in support' of that conclusion is insufficient for our review.") (quoting *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009)); *see also Lambert*, 980 F.3d at 1278 ("Although the ALJ did provide a relatively detailed overview of [the claimant's] medical history, 'providing a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible.'") (ellipsis and emphasis in original) (quoting *Brown-Hunter*, 806 F.3d at 494).

Moreover, even if the ALJ's finding that the objective medical evidence is inconsistent and does not support Plaintiff's subjective symptom testimony,

a lack of objective medical evidence, on its own, cannot justify discounting Plaintiff's subjective symptom testimony.

**b) Inconsistent with Effective Treatment**

The Commissioner argues that the ALJ also discounted Plaintiff's statements because they were inconsistent with her effective treatment. Dkt. No. 18 at 5. The Commissioner states that "[f]our months after Plaintiff's motor vehicle accident, she reported that her pain improved, and she was only taking Tylenol 3 for pain." *Id.,* at 5 (citing AR 26, 328). Further, the ALJ stated that "[i]n August 2022, the [Plaintiff] treated her back pain with lidocaine patches, Voltaren gel, and Acetaminophen-Codeine for chronic pain and history of spinal fractures." *Id.*, at 5 (citing AR 26, 1416). The Commissioner argues that Plaintiff continued to treat her pain conservatively with medication. *Id.*, at 5 (citing AR 1807, 1809).

However, the ALJ did not point to Plaintiff's treatment or medication as a reason to discount her testimony. The Court cannot consider post hoc rationalizations not offered by the ALJ. *See Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.")*see also Wade v. Saul*, 850 F. App'x 568 (9th Cir. 2021) ("Summarizing Wade's testimony about her limitations from her mental impairments, and later mentioning that her symptoms improved with medication and treatment, does not provide clear and convincing reasons to discredit that testimony.") (citing *Lambert*, 980 F.3d at 1278) (emphasis in original).

**c) Prior Administrative Medical Findings**

The Commissioner contends that the ALJ reasonably found that Plaintiff's alleged physical symptoms were partially undermined by the Prior Administrative Medical Findings ("PAMF") signed by S. Lee, M.D. Dkt. No. 18 at 5-6. Specifically, the Commissioner asserts the PAMF stated that Plaintiff could perform a range of light work. *Id.,* at 6 (citing AR 83-86). Dr. Lee supported his finding with a review of the record, noting evidence of only mild degenerative disc disease and daily activities inconsistent with Plaintiff's statements. *Id.*, at 6 (citing AR 78). The Commissioner argues that the ALJ found the PAMF partially persuasive and that Plaintiff did not challenge the assessment. *Id*. at 6. The Commissioner then argues that although the ALJ ultimately adopted an RFC for a more restrictive range of light work than Dr. Lee found, such evidence supports the ALJ's finding that Plaintiff's statements were unreliable. *Id.*

Although the ALJ discussed the PAMFs, *see* AR 28-29, the ALJ did not expressly cite the PAMFs as a basis for his decision to discount Plaintiff's symptom testimony. *See Bray,* 554 F.3d at 1225. Further, the ALJ did not tie his evaluation of Plaintiff's symptoms to his consideration of this doctor's opinions. *See Brown-Hunter*, 806 F.3d at 494 (finding that the ALJ's "summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible."). As such, the ALJ's discussion of the PAMF is not a clear and convincing reason for discounting Plaintiff's subjective symptom testimony.

## IV. Order

For all the reasons stated above, the ALJ's decision is reversed, and the case is remanded on an open record. A separate judgment will issue.

IT IS SO ORDERED.

Dated: September 23, 2026

Patricia Donahue

HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE